UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KAUSHIKKUUMAR K. PATEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26 CV 226 RWS |
| | ) | |
| | ) | |
| GARY STOLZER, Warden of | ) | |
| St. Genevieve Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Kaushikkuumar K. Patel filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that he has been unlawfully detained at the St. Genevieve Detention Center without a bond hearing in violation of the Fifth Amendment right to due process and other rights. Patel has been incarcerated under an immigration hold imposed by United States Immigration and Customs Enforcement ("ICE"). He argues that he is entitled to release from detention or, alternatively, a bond hearing to determine whether continued detention is justified.

Petitioner contends that the denial of an individualized determination of bond violates the Fifth Amendment's Due Process Clause. The United States Attorney for the Eastern District of Missouri filed his opposition to the petition on November 12, 2026.

**Background**

Petitioner is a citizen of India who entered the United States without inspection. [ECF # 7 at 1] On August 14, 2026, the Kansas City Immigration Court denied Petitioner's Application for Asylum and for Withholding of Removal and ordered Petitioner to be removed from the United States. Petitioner has filed an appeal of that decision with the Board of Immigration Appeals which is currently pending.

Petitioner is in the custody of ICE at the St. Genevieve Detention Center, where he is currently detained. [ECF # 1 at 1]

The United States Attorney contends that Petitioner is being properly detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), as an unadmitted noncitizen, and that Petitioner's due process claims fail under binding Eighth Circuit and Supreme Court precedent.[1] The United States Attorney's response to the habeas petition does not contest any of the facts provided in the Petition.[2]

**Discussion**

Because I agree that Petitioner's continued detention without an individualized bond hearing violates the Due Process Clause, I will grant the petition insofar as it seeks a prompt, individual bond hearing. See Garcia Leal v.

[1] The United States Attorney argues that Petitioner's due process claims fail under Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024) and Demore v. Kim, 538 U.S. 510 (2003). But the United States Attorney ultimately concedes the due process issue "for present purposes—while expressly reserving the right to appeal." [ECF # 7 at 4]

[2] The United States Attorney states that "it does not appear that Petitioner has any criminal record." [Id.]

Stolzer, No. 1:26 CV 157 RWS, 2026 WL 2194741 (E.D. Mo. Jul. 30, 2026) (Sippel, J.); Paez-Herrera v. Stolzer, No. 1:26-CV-00078-AGF, 2026 WL 2198535 (Fleissig, J.); Mekonnen v. Stolzer, No. 1:26-CV-00122-AGF, 2026 WL 2029972 (E.D. Mo. Jul 14, 2026) (Fleissig, J.). In light of this relief, I need not address Petitioner's other claims.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kaushikkuumar K. Patel's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **GRANTED in part, as follows:**

1. By no later than **December 2, 2026**, the Government must provide Petitioner Kaushikkuumar K. Patel an individualized bond hearing before an immigration judge.
2. If the Government does not provide Kaushikkuumar K. Patel with a bond hearing in accordance with this Order, the Government must immediately release Kaushikkuumar K. Patel from detention; and
3. By no later than **5:00 p.m. on December 4, 2026,** the United States Attorney must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order or, if no bond hearing

was held, concerning the circumstances of Kaushikkuumar K. Patel's release from detention.

A separate Judgment shall accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2026.